Peggy Hunt (Utah State Bar No. 6060)
Nathan S. Seim (Utah State Bar No. 12654)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
       seim.nathan@dorsey.com

*Attorneys for Gil A. Miller, Chapter 11 Trustee*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>WATERFORD FUNDING, LLC *et al.*,<br><br>Debtors. | **Bankr. Case No. 09-22584**<br>(Substantively Consolidated)<br><br>Chapter 11<br><br>The Honorable R. Kimball Mosier |

**DECLARATION OF GIL A. MILLER IN SUPPORT OF THE CONFIRMATION OF THE CHAPTER 11 TRUSTEE'S PLAN OF LIQUIDATION DATED AUGUST 2, 2011**

I, Gil A. Miller, being of law age, hereby declare, certify, and state as follows:

1. I am the Court-appointed Chapter 11 Trustee in the above-captioned bankruptcy case for Waterford Funding, LLC, Waterford Loan Fund, LLC, Waterford Services, LLC, Waterford Perdido, LLC, Waterford Candwich, LLC, and Investment Recovery, L.C. (collectively, the "Debtors"). I submit this Declaration in support of the confirmation of the Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011 (the "Plan"), and incorporated by reference herein are the Memorandum of Law in Support of Confirmation of [Proposed] Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011 [Docket No. 1736], the Chapter 11

Trustee's Report on Status of Objections to Confirmation of Plan and Response Thereto, and the Declaration of Ballot Tabulator Regarding Solicitation and Tabulation of Votes in Connection with Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011.

2. This Declaration is based upon (a) my personal knowledge or, if so stated, upon information and belief; (b) my review of relevant documents and records of the Debtors; (c) my view, based upon my experience and knowledge of the Debtors' businesses and financial condition; and (d) as to matters involving United States bankruptcy laws or rules, my reliance on the advice of my bankruptcy counsel. If I were called upon to testify, I could and would testify competently to the matters set forth herein.

3. Any capitalized term not expressly defined herein shall have the meaning ascribed to that term in the Plan.

4. This Declaration supplements the information contained in the Amended Disclosure Statement for Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011 [Docket No. 1715] (the "Amended Disclosure Statement"), as well as all prior declarations that I have made in this bankruptcy case, which declarations are incorporated herein by reference.

5. I have over twenty five years experience in public accounting. I have been primarily involved with investigative accounting, bankruptcy case work, troubled company workouts, and fraud examinations. I regularly serve as bankruptcy trustee in various types of cases. I am also a Certified Public Accountant, a Certified Fraud Examiner, and a Certified Insolvency and Restructuring Advisor.

6. The Plan is the product of extensive investigation and analysis of the Debtors' books and records, and in my judgment, the Plan provides a comprehensive, workable solution to the many complex issues that resulted from the fraudulent nature of the Debtors' businesses.

## THE PLAN SHOULD BE CONFIRMED

### The Plan Complies with the Applicable Provisions of 11 U.S.C. § 1129(a)

7. *Section 1129(a)(1) of the Bankruptcy Code*. In accordance with § 1129(a)(1), the Plan complies with all of the applicable provisions of the Bankruptcy Code, including without limitation §§ 1122 and 1123 discussed below.

    a. Section 1122 of the Bankruptcy Code.

        i. Consistent with § 1122(a) of the Bankruptcy Code, each Class under the Plan differs in legal character or nature. All Claims and Membership Interests placed within a Class are substantially similar to the other Claims and Membership Interests in that same Class because they are similar in legal character to the other Claims against, or Membership Interests in, the Debtors. Thus, in my opinion, the classification scheme embodied in the Plan is both reasonable and appropriate under § 1122(a).

        ii. Section 1122(b), applying to the classification of administrative convenience claims, is not applicable because the Plan does not provide for any such claims.

    b. Section 1123 of the Bankruptcy Code.

        i. Section 1123(a)(1). In my opinion, the Plan properly designates Classes of Claims and Membership Interests as required under § 1123(a)(1) of the Bankruptcy Code and provides for the treatment of Claims that should not be classified. Article II of the Plan properly classifies Claims, Article IV provides for the

treatment of Classified Claims and Membership Interests, and Article V provides for the treatment of Unclassified Claims. Thus, I believe the Plan complies with § 1123(a)(1).

ii    Section 1123(a)(2). In my opinion, the Plan complies with § 1123(a)(2) of the Bankruptcy Code because it specifies unimpaired Classes of Claims and Equity Interests. Article IV of the Plan lists each Class of Claims that is not impaired under the Plan, which Classes consist of Class 1 (Secured Claims) and Class 2 (Priority Unsecured Claims). The Plan also states that such Classes are not impaired and that the holders of Claims in those Classes are deemed to vote in favor of the Plan. The Plan contains no unimpaired Classes of Membership Interests.

iii.    Section 1123(a)(3). I believe the Plan satisfies § 1123(a)(3) of the Bankruptcy Code because it specifies the treatment of impaired Classes of Claims and Membership Interests. Article IV of the Plan lists each Class of Claims and Membership Interests that are impaired under the Plan, which Classes consist of Class 3 (General Unsecured Claims), Class 4 (Victim Claims), and Class 5 (Membership Interests). The Plan also expressly states how these Classes of Claims and Equity Interests will be treated.

iv.    Section 1123(a)(4). I believe § 1123(a)(4) of the Bankruptcy Code has been met because the Plan provides the same treatment for each Claim or Membership Interest of a particular Class, unless the

-4-

holder of a particular Claim or Membership Interest has agreed to less favorable treatment. Article IV of the Plan sets forth the treatment of Claims or Membership Interests classified in each Class under the Plan and provides for the same treatment of each Claim and Membership Interest within a particular Class.

v. <u>Section 1123(a)(5)</u>. In my opinion, the Plan satisfies § 1123(a)(5) of the Bankruptcy Code because it provides adequate means for its implementation in a manner authorized under § 1129(a). Specifically, Article VI and various other provisions of the Plan provide details regarding the implementation of the Plan, including but not limited to the following:

1. My retention of property of the Consolidated Estate for liquidation;

2. Where appropriate, the sale of property of the Consolidated Estate and the distribution of net sale proceeds among the holders of Allowed Claims as provided for in the Plan;

3. Where appropriate, the distribution of all or any part of the property of the Consolidated Estate among those having an interest in such property;

4. The compromise of certain Claims;

5. Retention, litigation, and enforcement by me of all Claims and Causes of Action;

6. Treatment of Wright's Restitution should it be assigned to the Consolidated Estate by a Governmental Unit; and

7. The winding down of the Debtors as necessary.

      vi.      <u>Sections 1123(a)(6)–(8)</u>. Sections 1126(a)(6)–(8) are not applicable because (1) the Plan provides for a liquidation of the Consolidated Estate; (2) the Consolidated Estate will not issue securities of any kind, and no directors or officers will be elected; and (3) the Debtors are not individuals.

8.    *<u>Section 1129(a)(2) of the Bankruptcy Code</u>*. As the proponent of the Plan, I believe I have complied with all applicable provisions of the Bankruptcy Code as required under § 1129(a)(2), including without limitation, §§ 1125 and 1126 and all applicable Bankruptcy Rules. Upon information and belief, the solicitation of votes on the Plan was (a) in compliance with all applicable laws, rules and regulations governing the adequacy of disclosure in connection with such solicitation; (b) in compliance with the "Solicitation Procedures" approved by the Bankruptcy Court in the "Order Granting Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Disclosure Statement for Chapter 11 Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011, (II) Approving Solicitation Procedures, Including Form of Ballot and Manner of Notice, and (III) Fixing the Confirmation Hearing and the Deadline for Filing Objections to the Confirmation of the Plan [Docket No. 1625] (the "<u>Disclosure Statement Order</u>"); and (c) commenced in conjunction with providing Creditors a copy of the Amended Disclosure Statement which, pursuant to the Disclosure Statement Order, was approved by the Court as containing adequate information within the meaning of § 1125(a) of the Bankruptcy Code.

9.    *<u>Section 1129(a)(3) of the Bankruptcy Code</u>*. I proposed the Plan in good faith and not by any means forbidden by law in accordance with § 1129(a)(3). The Debtors, who were operated as a business with the characteristics of a Ponzi scheme prior to the filing of this case,

cannot be rehabilitated. Therefore, it is my business judgment that (a) a liquidation of the Consolidated Estate for distribution to holders of Allowed Claims in the Voting Classes is required; and (b) the Plan affords the most fair and equitable means of distributing the property of the Consolidated Estate for the benefit of holders of Allowed Claims in a manner that promotes the objectives and purposes of the Bankruptcy Code. Furthermore, the Plan is feasible, and as such, the requirements of § 1129(a)(3) are satisfied.

10. *Section 1129(a)(4) of the Bankruptcy Code.* I believe the Plan complies with § 1129(a)(4) of the Bankruptcy Code. Section 5.2 of the Plan describes the process and deadlines for filing Administrative Expense Claims with the Court, including those claims filed by Trustee Professionals. Additionally, Article X of the Plan provides for the Court's retention of jurisdiction to hear and determine Administrative Expense Claims.

11. *Section 1129(a)(5) of the Bankruptcy Code.* In my opinion, the Plan complies with § 1129(a)(5) because, to the extent the provision is applicable in the present case, §§ 6.2 and 6.3 of the Plan provide that I will retain property of the Consolidate Estate and will administer the Consolidated Estate after confirmation of the Plan in accordance with the Bankruptcy Code and the Plan. Continuation of my service after the confirmation of the Plan is consistent with the interests of Creditors and with public policy.

12. *Section 1129(a)(6) of the Bankruptcy Code.* Section 1129(a)(6) is inapplicable in this case because no regulatory commission has any jurisdiction over rate changes by the Debtors, and the Plan does not provide for any rate changes by the Debtors.

13. *Section 1129(a)(7) of the Bankruptcy Code.* Bankruptcy Code § 1129(a)(7) requires that, with respect to each impaired Class of Claims or Membership Interests, each holder of a Claim or Membership Interest of such class (a) has accepted the Plan or (b) will receive or

retain property of a value not less than what such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code. This provision is often referred to as a test of whether the Plan is in the "best interests" of impaired creditors.

Each Class of Claims that is impaired and entitled to vote under the Plan voted to accept the Plan. With respect to Class 5 Membership Interests, the Trustee will adduce evidence at the confirmation hearing that holders of Membership Interests will receive or retain property of a value not less than the value such holder would receive if the Debtors were liquidated under Chapter 7.

14. *Section 1129(a)(8) of the Bankruptcy Code*. Subject to the exceptions contained in § 1129(b) of the Bankruptcy Code, § 1129(a)(8) requires that each Class of Claims and Membership Interests either accept the Plan or not be impaired under the Plan. This section has been met.

    a.    Classes 1 and 2 are unimpaired, and thus are conclusively presumed to have accepted the Plan. Therefore, § 1129(a)(8) has been met as to these two Classes.

    b.    Class 3 is impaired, and it has accepted the Plan. Thus, § 1129(a)(8) is satisfied with respect to Class 3.

    c.    Class 4 is impaired, and it has accepted the Plan. Thus, § 1129(a)(8) is satisfied with respect to Class 4.

    d.    Class 5 is impaired and not entitled to any distribution. Therefore, Class 5 is deemed to reject the Plan pursuant to § 1126(g). Accordingly, the Plan can be confirmed only through the "cramdown" provisions of § 1129(b) as to Class 5. As I will address below, the Plan meets the requirements of

§ 1129(b) with respect to Class 5 and, therefore, the failure to satisfy § 1125(a)(8) with respect to Class 5 does not bar confirmation of the Plan.

15. *Section 1129(a)(9) of the Bankruptcy Code.* In my opinion, holders of Claims described in § 1129(a)(9) will be paid under the Plan pursuant to the requirements of that section.

    a. Section 5.2 of the Plan provides that all Allowed Administrative Expense Claims under Bankruptcy Code §§ 503(b) and 507(a)(2) will be paid in full in cash on the later of (i) the Effective Date, or (ii) within five Business Days of the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim. Thus, I believe that the Plan complies with § 1129(a)(9)(A).

    b. Section 4.2 of the Plan provides that all Allowed Priority Unsecured Claims under § 507(a), if any, will be paid in full on the later of (i) the Effective Date, or (ii) within five Business Days of the date such Priority Unsecured Claim becomes an Allowed Priority Unsecured Claim. No other holders of Claims described in § 1129(a)(9)(B) exist in this case. Therefore, I believe the Plan meets the requirements of § 1129(a)(9)(B).

    c. Section 5.3 of the Plan provides that each holder of an Allowed Priority Tax Claim shall be paid either (i) upon such terms as may be agreed upon by me and the holder of such Claim, (ii) in full in Cash on the later of the Effective Date or within five Business Days of the date that such Priority Tax Claim becomes an Allowed Priority Tax Claim, or (iii) in deferred Cash payments to be agreed upon by me and the holder of the Allowed

Priority Tax Claim, not to exceed a period of five years after the Petition Date. Thus, I believe the Plan meets the requirements of § 1129(a)(9)(C).

d. Section 1129(a)(9)(D) is not applicable because there are no Allowed Secured Tax Claims in this case.

16. *Section 1129(a)(10) of the Bankruptcy Code*. Pursuant to § 1129(a)(10) of the Bankruptcy Code, at least one impaired Class of Claims must accept the Plan, excluding acceptance by any insider. As stated above, Classes 3 and 4, though impaired, have accepted the Plan. Therefore, I believe the Plan meets the requirements of § 1129(a)(10).

17. *Section 1129(a)(11) of the Bankruptcy Code*. The Plan is a liquidation Plan. As such, confirmation of the Plan will not be followed by any further reorganization of the Debtors. Additionally, the Consolidated Estate has sufficient funds to satisfy the Plan's obligations. On the Effective Date, the Consolidated Estate will have enough Cash to pay Allowed Claims in accordance with the Plan, and I will attempt to make an Interim Distribution to holders of Victim Claims by no later than March 1, 2012. Thus, I believe that the Plan satisfies the feasibility standard of § 1129(a)(11).

18. *Section 1129(a)(12) of the Bankruptcy Code*. In my opinion, the Plan complies with § 1129(a)(12) because all fees payable under § 1930 of title 28 either have been paid or will be paid under the Plan. Section 5.2(b) of the Plan provides that all fees due and payable to the Office of the United States Trustee pursuant to § 1930(a)(6) of title 28 will be paid in full.

19. *Section 1129(a)(13) of the Bankruptcy Code*. Section 1129(a)(13), requiring compliance with § 1114 of the Bankruptcy Code, is not applicable in this case.

20. *Section 1129(a)(14) of the Bankruptcy Code*. Section 1129(a)(14) requires that domestic support obligations be paid. The provision is not applicable in this case.

Case 09-22584    Doc 1822    Filed 12/02/11    Entered 12/02/11 12:19:07    Desc Main
Document    Page 11 of 12

21.     *Section 1129(a)(15) of the Bankruptcy Code*. Section 1129(a)(15) expressly states that it applies to "case[s] in which the debtor is an individual." Therefore, the provision does not apply to this case.

22.     *Section 1129(a)(16) of the Bankruptcy Code*. Section 1129(a)(16) states that "[a]ll transfers of property of the plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust." This provision does not apply in this case because the Debtors are a moneyed business or commercial entity.

**The Plan Complies With the Applicable Provisions of 11 U.S.C. § 1129(b)**

23.     As discussed above, § 1129(a)(8) of the Bankruptcy Code has not been met in regards to Class 5 (Membership Interests). Thus, to be confirmed, the Plan must satisfy the requirements of § 1129(b) in that the Plan, as pertains to Class 5, does not "discriminate unfairly" and is "fair and equitable." These requirements have been met and, therefore, notwithstanding the fact that the requirements of § 1129(a)(8) have not been met, the Plan may still be confirmed as to Class 5.

   a.   The Plan does not "discriminate unfairly" as to Class 5. I believe that the Plan does not "discriminate unfairly" with respect to impaired Class 5. Section 4.5 of the Plan describes the treatment of holders of Class 5 Claims, and because Class 5 is the only Class representing Membership Interests in the Debtors, the Plan cannot be deemed to unfairly discriminate among the holders of any such interests. Therefore, to the extent the Plan provides different treatment to Class 5 Claims, there is a

        reasonable basis for the different classification and treatment of the respective Claims in such Class.

b.   <u>The Plan is "fair and equitable" as to Class 5</u>. Because Class 5 consists of Membership Interests, the "fair and equitable" standard of the Plan, as applied to this Class, is evaluated under § 1129(b)(2)(C)(ii). No holder of any interest that is junior to the Membership Interests in Class 5 will receive any distribution under the Plan. Thus, I believe that the Plan is "fair and equitable" as to holders of Class 5 Claims.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge, information, and belief.

                                                            _____
                                                             Gil A. Miller, Chapter 11 Trustee