Peggy Hunt (Utah State Bar No. 6060)
Nathan S. Seim (Utah State Bar No. 12654)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: hunt.peggy@dorsey.com
       seim.nathan@dorsey.com

*Attorneys for Gil A. Miller, Chapter 11 Trustee*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>WATERFORD FUNDING, LLC *et al.*,<br><br>Debtors. | **Bankr. Case No. 09-22584**<br>(Substantively Consolidated)<br><br>Chapter 11<br><br>The Honorable R. Kimball Mosier |

### CHAPTER 11 TRUSTEE'S REPORT ON STATUS OF OBJECTIONS TO CONFIRMATION OF PLAN AND RESPONSE THERETO

Gil A. Miller, the duly appointed Chapter 11 Trustee (the "Trustee") for Waterford Funding, LLC, Waterford Loan Fund, LLC, Waterford Services, LLC, Waterford Candwich, LLC, Waterford Perdido, LLC, and Investment Recovery, L.C. (collectively, the "Debtors"), by and through counsel, hereby (i) provides this report to the Court on the status of objections to the confirmation of the *Chapter 11 Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011* [Docket No. 1574] (the "Proposed Plan"); and (ii) responds to the objection filed by Progressive Services, LLC ("PSL") [Docket No. 1783] (the "PSL Objection") and the *Limited Objection*

filed by Hovik and Helion Baghoomian [Docket No. 1810] (the "Limited Baghoomian Objection"). In support hereof, the Trustee states as follows.

## REPORT

1. On August 8, 2011, the Trustee filed a *Disclosure Statement for Chapter 11 Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011* [Docket No. 1573] (the "Disclosure Statement"), as well as the Proposed Plan.[1]

2. On October 18, 2011, the Court held a hearing on the adequacy of the Disclosure Statement, at which time the Court, among other things, approved the Disclosure Statement, subject to certain amendments.

3. On October 20, 2011, the Trustee filed his *Amended Disclosure Statement for Chapter 11 Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011* [Docket No. 1715] (the "Amended Disclosure Statement"), attached to which as Exhibit A is the Proposed Plan.

4. On October 24, 2011, the Court entered its *Order Granting Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Disclosure Statement for Chapter 11 Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011, (II) Approving Solicitation Procedures, Including Form of Ballot and Manner of Notice, and (III) Fixing the Confirmation Hearing and the Deadline for Filing Objections to the Confirmation of the Plan* [Docket No. 1733] (the "Disclosure Statement Order") which, among other things, approved the Amended Disclosure Statement.

5. The Disclosure Statement Order set the following deadlines and dates:

    (a) October 24, 2011 as the Trustee's deadline to (i) serve the Solicitation Package on holders of Voting Claims, (ii) serve the Confirmation Hearing

---

[1] Unless otherwise indicated, all capitalized terms used herein have the meanings attributed to them in the Proposed Plan and the Amended Disclosure Statement.

        Notice on all parties in interest in the case, and (iii) file and serve a brief in support of confirmation;

(b)      November 8, 2011 as the deadline for filing motions pursuant to Federal Rule of Bankruptcy Procedure 3018(a) ("Rule 3018 Motions");

(c)      November 28, 2011 as the Voting Deadline and the deadline to file objections to the Proposed Plan;

(d)      December 2, 2011 as the deadline for the Trustee to file his Voting Tabulation Report and any reply to objections to confirmation; and

(e)      December 6, 2011 at 2:00 p.m. (Mountain Time) for the Confirmation Hearing.[2]

6.      In accordance with the Disclosure Statement Order, on October 24, 2011, the Trustee (a) served the approved Solicitation Package, including the Amended Disclosure Statement and Proposed Plan, on holders of Voting Claims, (b) served the approved Confirmation Hearing Notice [Docket No. 1735] on all parties in interest in the case, and (c) filed and served his *Memorandum of Law in Support of Confirmation of [Proposed] Chapter 11 Trustee Plan of Liquidation Dated August 2, 2011* [Docket No. 1736] (the "Confirmation Brief").[3] Furthermore, the approved Publication Notice was published.[4]

7.      No Rule 3018 Motions were filed on or before November 8, 2011, and it does not appear that any Rule 3018 Motions were filed after that deadline.

---

[2]    Disclosure Statement Order ¶¶ 4-6.

[3]    *See Declaration of Service* [Docket No. 1823].

[4]    *See Certificate of Publication Notice for Hearing on Chapter 11 Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011* [Docket No. 1819].

-3-

8. Only two objections have been filed to the Proposed Plan:

(a) On November 7, 2011, the PSL Objection was filed [Docket No. 1783]; and

(b) On November 23, 2011, the Limited Bahoomian Objection was filed [Docket No. 1810].

9. On December 2, 2011, the Trustee filed the *Declaration of Ballot Tabulator Regarding Solicitation and Tabulation of Votes in Connection with Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011* [Docket No. 1821] (the "Voting Tabulation Report) and the *Declaration of Gil A. Miller in Support of the Confirmation of the Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011* [Docket No. 1822] (the "Trustee's Declaration"). As shown in the Voting Tabulation Report, Voting Classes have all voted in favor of the Plan, and as set forth in the Trustee's Declaration, the Plan is confirmable pursuant to §1129 of the Bankruptcy Code.

10. The Trustee hereby replies to the PSL Objection and the Limited Bahoomian Objection. As set forth below, the Trustee submits that these objections do not prevent confirmation of the Plan.

## RESPONSE TO PSL'S OBJECTION

11. The PSL Objection does not object to confirmation of the Proposed Plan. Rather, it is a restatement of some of PSL's earlier objections to the adequacy of the information contained in the Disclosure Statement [Docket Nos. 1703 and 1704] (the "First Objection").

12. The Trustee objected to the First Objection in his *Report on Status of Objections to Motion to Approve Disclosure Statement and Proposed Solicitation Procedures and Response to Objection to Disclosure Statement For Chapter 11 Trustee's Plan of Liquidation Dated*

*August 2, 2011 Filed by Progressive Services, LLC* [Docket No. 1710] (the "Trustee PSL Response"), and the First Objection was expressly overruled by the Court at the hearing on the Disclosure Statement as being without basis under applicable law.[5]

13. The PSL Objection should be stricken and not considered by the Court for two reasons: (a) none of the issues raised therein pertain to confirmation and, therefore, it is not relevant; and (b) the issues raised, to the extent relevant, are barred by applicable principles of issue preclusion and/or law of the case.

14. To the extent that the PSL Objection is considered, the Trustee hereby incorporates by reference the Trustee PSL Response, and maintains that the PSL Objection should be overruled for the reasons stated in the Trustee PSL Response and by the Court at the hearing on the Disclosure Statement. In short, the Amended Disclosure Statement, and by extension the Proposed Plan, contain adequate information about treatment under the Plan and, therefore, the PSL Objection is without merit.

### RESPONSE TO THE LIMITED BAGHOOMIAN OBJECTION

15. The Limited Baghoomian Objection is not an objection to confirmation of the Proposed Plan, but rather is a reservation of rights related to *Miller v. Baghoomian et al. (In re Waterford Funding, LLC)*, Adv. Pro. No. 11-2566 (the "Adversary Proceeding"). Specifically, Hovik and Helion Baghoomian (collectively, the "Baghoomians") contend that they should be listed on "*Schedule of Asserted Secured Claims (Disputed)*," attached to the Proposed Plan as Exhibit E, and they object to the Proposed Plan to the extent that their alleged Secured Claim is not so recognized.

---

[5] Disclosure Statement Order ¶ 2.

16.    As recognized by the Baghoomians, they did not file a proof of Claim asserting a secured claim in this case until they filed the Limited Bahoomian Objection on November 23, 2011.[6]

17.    In fact, when the Proposed Plan was filed, the only proofs of Claim for the Baghoomians were those noted on the Claims Docket as Claim Nos. 83-0029 and 84-0028, and both of those Claims, as acknowledged by the Baghoomians, assert General Unsecured Claims. As a result, the Baghoomians are recognized in the Proposed Plan as the holders of Disputed Victim Claims.

18.    The Trustee does not object to recognizing the Baghoomians as holders of Disputed Secured Claims on Exhibit E of the Proposed Plan for purposes of confirmation of the Proposed Plan, and by so doing, there is no bearing on the confirmation of the Proposed Plan.

19.    In so doing, however, the Trustee is in no way making any concessions, waivers or admissions in the Adversary Proceeding, and he expressly reserves all rights therein and with regard to any and all objections to any Claims asserted by the Baghoomians, including but not limited to the allowance of any Claim in this case, whether secured or unsecured, to object and respond to the ability of the Baghoomians to attempt to amend their proofs of Claim and the affect of the amended proofs of Claim.

## CONCLUSION

**WHEREFORE**, based on the foregoing, the Trustee respectfully requests that the Court enter an Order confirming the Proposed Plan.

---

[6]    *See* Limited Baghoomian Objection.

DATED this 2nd day of December, 2011.

                          **DORSEY & WHITNEY LLP**

                          */s/ Peggy Hunt*
                          Peggy Hunt
                          Nathan S. Seim
                          *Attorneys for Gil A. Miller, Chapter 11 Trustee*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2011, the foregoing CHAPTER 11 TRUSTEE'S REPORT ON STATUS OF OBJECTIONS TO CONFIRMATION OF PLAN AND RESPONSE THERETO (the "Report") was filed with the Court and served via the Court's CM/ECF system on all parties that have made an appearance and requested electronic service in this case.

I further certify that on December 2, 2011, I caused a true and correct copy of the Report to be mailed U.S. First Class Mail, postage prepaid, to the following:

Progressive Services, LLC
Attn: Stan Hanks
6329 Howey Drive
Salt Lake City, UT 84121

Jerome Romero
170 South Main Street, Suite 1500
Salt Lake City, UT 84101

/s/ Nathan S. Seim