**The below described is SIGNED.**

**Dated: March 30, 2012**

_____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

*Prepared and Submitted By:*
Peggy Hunt (Utah State Bar No. 6060)
Nathan S. Seim (Utah State Bar No. 12654)
**DORSEY & WHITNEY LLP**
136 South Main Street, Suite 1000
Salt Lake City, UT 84101-1685
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email:  hunt.peggy@dorsey.com
            seim.nathan@dorsey.com

*Attorneys for Gil A. Miller, Chapter 11 Trustee*

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>WATERFORD FUNDING, LLC *et al.*,<br><br>Debtors. | **Bankr. Case No. 09-22584**<br>(Substantively Consolidated)<br><br>Chapter 11<br><br>The Honorable R. Kimball Mosier |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER CONFIRMING CHAPTER 11 TRUSTEE'S PLAN OF LIQUIDATION DATED AUGUST 2, 2011 AS MODIFIED**

---

The matter before the Court is confirmation of the *Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011* [Docket No. 1574] (the "Plan") proposed by Gil A. Miller, the duly appointed Chapter 11 Trustee (the "Trustee") for Waterford Funding, LLC, Waterford Loan Fund, LLC, Waterford Services, LLC, Waterford Candwich, LLC, Waterford Perdido, LLC, and

Investment Recovery, L.C.  A hearing on the confirmation of the Plan commenced on December 6, 2011.  Appearances were made on the record.

    I.    These *Findings of Fact and Conclusions of Law* ("Findings and Conclusions") are in support of the *Order Confirming Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011 As Modified* (the "Confirmation Order") entered concurrently herewith.  All terms and phrases not otherwise defined in these Findings and Conclusions shall have the meanings assigned to them in the Plan.

    II.    In entering the Confirmation Order and these Findings and Conclusions, the Court considered the pleadings and documents filed in conjunction with the Trustee's request for confirmation of the Plan, including the following:

    1.    *Plan*, as modified on the record at the Confirmation Hearing, which amendments are set forth in the Confirmation Order and incorporated herein;

    2.    *Amended Disclosure Statement for Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011* (the "Disclosure Statement") previously approved by the Court [Docket No. 1715];

    3.    *Notice of Proposed Form of Publication Notice* [Docket No. 1716];

    4.    *Order Granting Chapter 11 Trustee's Motion for Entry of an Order (I) Approving Disclosure Statement for Chapter 11 Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011, (II) Approving Solicitation Procedures, Including Form of Ballot and Manner of Notice, and (III) Fixing the Confirmation Hearing and the Deadline for Filing Objections to the Confirmation of the Plan* [Docket No. 1733] (the "Disclosure Statement Order");

    5.    *Notice of Entry of Order (1) Approving the Trustee's Amended Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Trustee's [Proposed] Plan of*

*Liquidation Dated August 2, 2011, and (II) Notice of Hearing on Confirmation of the Plan and For Filing Objections* [Docket No. 1735];

      6.    *Memorandum of Law in Support of Confirmation of [Proposed] Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011* [Docket No. 1736];

      7.    *Objection* to confirmation of the Plan filed by Progressive Services, LLC [Docket No. 1783] (the "PSL Objection");

      8.    *Limited Objection to Plan of Reorganization* [Docket No. 1810] filed by Hovik and Helion Baghoomian (the "Baghoomian Objection");

      9.    *Certificate of Publication Notice for Hearing on Chapter 11 Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011* [Docket No. 1819];

      10.    *Declaration of Ballot Tabulator Regarding Solicitation and Tabulation of Votes in Connection With Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011* [Docket No. 1821];

      11.    *Declaration of Gil A. Miller in Support of Confirmation of the Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011* [Docket No. 1822];

      12.    *Declaration of Service* [Docket No. 1823];

      13.    *Chapter 11 Trustee's Report on Status of Objections to Confirmation of Plan and Response Thereto* [Docket No. 1824] (the "Objection Response");

      14.    *Status Report in Support of Confirmation of Chapter 11 Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011* [Docket No. 1882];

      15.    *Amended Declaration of Ballot Tabulator Regarding Solicitation and Tabulation of Votes in Connection With Trustee's [Proposed] Plan of Liquidation Dated August 2, 2011* [Docket No. 1883];

16. *Order Sustaining the Chapter 11 Trustee's First Omnibus Claim Objection Pursuant to 11 U.S.C. § 502(d), and Federal Rules of Bankruptcy Procedure 3001, 3003 and 3007 (Disputed Investor Claims)* [Docket No. 1888];

17. All documents introduced into evidence at the Confirmation Hearing as stated on the record;

18. *Notice of Amendments to [Proposed] Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011* [Docket No. 1906] (the "Amendment Notice"); and

19. *Chapter 11 Trustee's Plan of Liquidation Dated August 2, 2011 as Modified* [Docket No. 1907].

III. The Court has heard the statements, arguments, representations and offers of proof of counsel regarding confirmation of the Plan at the Confirmation Hearing, and has considered the record of this Consolidated Case and all testimony and evidence admitted at or before the Confirmation Hearing. Based on the foregoing, the Court makes the following findings of fact and conclusions of law, as supplemented by the findings of fact and conclusions of law stated orally and reported in open Court on the record at the Confirmation Hearing (which findings of fact and conclusions of law are incorporated herein) pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Under Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, when appropriate.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A. **Jurisdiction and Venue:** This matter is a core proceeding over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334(a). Venue of this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Notice:** The Trustee provided notice of the Confirmation Hearing and of the time fixed for balloting and filing objections to confirmation of the Plan to all entities entitled to receive such notice, including all known holders of Claims and Membership Interests. The notice by the Trustee of such matters fully and adequately described the relief requested at the Confirmation Hearing and was reasonable, appropriate, and complied in all regards with due process and applicable provisions of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), the Bankruptcy Rules (including Bankruptcy Rules 2002, 2017, 3018 and 3019), and the Local Rules and Orders of the Court, including the Disclosure Statement Order.

C. **Objections**: Pursuant to the Disclosure Statement Order, all objections to confirmation of the Plan were required to be filed by November 28, 2011. Only two objections were filed: the PSL Objection, and the Baghoomian Objection. The Trustee has responded to these Objections in his Objection Response.

1. Progressive Services, LLC, the party that filed the PSL Objection, did not appear at the Confirmation Hearing, and for this reason and the reasons set forth in the Objection Response, the PSL Objection is overruled.

2. Based on representations made in the Trustee's Objection Response and on the record, the Baghoomian Objection has been resolved. Hovik and Helion Baghoomian (the "Baghoomians") shall be included on Disclosure Statement Exhibit E as holders of Disputed Secured Claims for all purposes under the Plan, and the Plan, which incorporates Disclosure Statement Exhibit E, is hereby so amended. The Trustee, however, makes no concessions, waivers or admissions in the adversary proceeding styled as *Miller v. Baghoomian (In re Waterford Funding, LLC)*, Adv. Pro. No. 11-2566, and he has expressly reserved all rights

therein and with regard to any and all objections to Claims asserted by the Baghoomians, including but not limited to the allowance of any Claim in this case, whether secured or unsecured, to object to and respond to the ability of the Baghoomians to attempt to amend their proofs of Claim and the affect of the amended proofs of Claim.

**D.  Good Faith Solicitation:**  The Trustee conducted solicitation of acceptances or rejections of the Plan, and the related distribution and tabulation of Ballots with respect thereto, in good faith and in compliance with the Disclosure Statement Order, all applicable provisions of the Bankruptcy Code (including §§ 1125 and 1126), all applicable provisions of the Bankruptcy Rules (including Rules 3017 and 3018), and all other applicable laws, rules, regulations, and Orders of this Court.

**E.  Satisfaction of Section 1129(a) of the Bankruptcy Code:**  The Plan satisfies all of the requirements of § 1129(a) as follows:

    1.  Section 1129(a)(1):  The Plan complies with all applicable provisions of the Bankruptcy Code, including §§ 1122 and 1123.

        (a)  *Section 1122*: The classification structure of the Plan is proper and in accordance with Section 1122 of the Bankruptcy Code.  Each of the five Classes provided for in the Plan is comprised of Classes of Claims or Membership Interests of a similar legal character or nature.  All Claims and Membership Interests within each Class are substantially similar to the other Claims or Membership Interests in that Class because they are similar in legal character to the other Claims or Membership Interests in such Class.

        (b)  *Section 1123:*  The Plan also complies with the mandatory provisions set forth in Section 1123(a) of the Bankruptcy Code and is consistent with the permissive requirements stated in Section 1123(b) of the Bankruptcy Code.

- Section 1123(a)(1) requires that a plan designate classes of claims, other than those claims of a kind specified in section 11 U.S.C. §§ 507(a)(2), 507(a)(3), 507(a)(8), and classes of interests. The Plan properly designates Classes of Claims and Membership Interests as required under § 1123(a)(1) and provides for the treatment of Claims that should not be classified. Article II of the Plan properly classifies Claims, Article IV provides for the treatment of Classified Claims and Membership Interests, and Article V provides for the treatment of Unclassified Claims.

- The Plan complies with § 1123(a)(2) because it specifies unimpaired Classes of Claims and Membership Interests. Article IV of the Plan lists each Class of Claims that is not impaired under the Plan, which Classes consist of Class 1 (Secured Claims) and Class 2 (Priority Unsecured Claims). The Plan also states that such Classes are not impaired and that the holders of Claims in those Classes are deemed to vote in favor of the Plan. The Plan contains no unimpaired Classes of Membership Interests.

- The Plan satisfies § 1123(a)(3) because it specifies the treatment of impaired Classes of Claims and Membership Interests. Article IV of the Plan lists each Class of Claims and Membership Interests that are impaired under the Plan, which Classes consist of Class 3 (General Unsecured Claims), Class 4 (Victim Claims), and Class 5 (Membership Interests). The Plan also expressly states how these Classes of Claims and Membership Interests will be treated.

- Section 1123(a)(4) requires that the plan provide the same treatment for each claim or interests of a particular class, unless the holder agrees otherwise. Each

-7-

holder of a Claim or Interest within each of the Classes under the Plan is treated the same and, therefore, the Plan complies with § 1123(a)(4).

- As required by § 1123(a)(5), Article VI and various other provisions of the Plan "provide adequate means for the plan's implementation."

- Sections 1123(a)(6)–(8) are not applicable in this case because (1) the Plan provides for a liquidation of the Consolidated Estate; (2) the Consolidated Estate will not issue securities of any kind, and no directors or officers will be elected; and (3) the Debtors are not individuals.

- In addition to the mandatory plan provisions set forth in § 1123(a) discussed above, § 1123(b) lists permissive provisions that may be incorporated into a Chapter 11 plan. The Plan is consistent with § 1123(b).

- The injunction set forth in Section 6.8 of the Plan is a permissible provision under 11 U.S.C. §§ 1123(b)(6) and 1141(a)–(c).

2. <u>Section 1129(a)(2)</u>: The Trustee has complied with all of the applicable provisions of the Bankruptcy Code, including §§ 1125 and 1126, as required under Section 1129(a)(2) of the Bankruptcy Code.

3. <u>Section 1129(a)(3)</u>: Section 1129(a)(3) of the Bankruptcy Code requires that a plan be "proposed in good faith and not by any means forbidden by law." Generally speaking, good faith will be found where there is a "reasonable likelihood that the plan will achieve its intended results which are consistent with the purposes of the Bankruptcy Code, that is, is the plan feasible, practical, and would it enable the company to continue its business and

pay its debts in accordance with the plan provisions."[1] The Trustee's Plan is proposed in good faith and is not by any means forbidden by law.

4. Section 1129(a)(4): Section 1129(a)(4) of the Bankruptcy Code requires that certain professional fees and expenses be subject to approval by the Court as reasonable. Pursuant to Section 5.2 of the Plan, all fees and expenses, as well as all other accrued fees and expenses of Trustee Professionals retained in this case through the Effective Date, remain subject to final review for reasonableness by the Court under 11 U.S.C. § 330. The Court's review and ultimate determination of the fees and expenses satisfy the objectives of § 1129(a)(4).[2] Additionally, Article X of the Plan provides for the Court's retention of jurisdiction to hear and determine Administrative Expense Claims. Based upon the foregoing, the Plan complies with the requirements of § 1129(a)(4).

5. Section 1129(a)(5): The Plan complies with section 1129(a)(5) of the Bankruptcy Code because, to the extent the provision is applicable in the present case, Sections 6.2 and 6.3 of the Plan provide that the Trustee will retain property of the Consolidated Estate and will administer the Consolidated Estate after confirmation of the Plan in accordance with the Bankruptcy Code and the Plan. Continuation of the Trustee's service after the confirmation of the Plan is consistent with the interests of Creditors and with public policy.

6. Section 1129(a)(6): Section 1129(a)(6) of the Bankruptcy Code requires that any regulatory commission having jurisdiction over the rates charged by a reorganized

---

[1] *In re Pikes Peak Water Co.*, 779 F.2d 1456, 1459 (10th Cir. 1985) (internal quotations omitted).

[2] *See In re Elsinore Shore Associates*, 91 B.R. 238, 268 (Bankr. D.N.J. 1988) (requirements of section 1129(a)(4) satisfied where plan provided for payment of only "allowed" administrative expenses, as does the Plan in the instant case).

-9-

debtor in the operation of its businesses approve any rate change provided for in the plan. This provision is inapplicable in the instant case.

7. <u>Section 1129(a)(7)</u>: Section 1129(a)(7) of the Bankruptcy Code mandates that a plan be in the best interests of creditors and equity interest holders, requiring that each holder of a claim or equity interest either accept the plan or receive or retain under the plan property having a present value, as of the effective date of the plan, not less than the amount such holder would receive or retain if the debtor were liquidated under chapter 7 of the Bankruptcy Code. Here, each holder of a Claim or Interest that is impaired under the Plan has accepted the Plan or will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date. Accordingly, § 1129(a)(7) has been met in this case.

8. <u>Section 1129(a)(8)</u>: Section 1129(a)(8) of the Bankruptcy Code requires the Court to confirm a plan if each class of impaired claims or interests accept the plan, as follows: "With respect to each class of claims or interests—(A) such class has accepted the plan; or (B) such class is not impaired under the plan." If this section is not met, the Court may nevertheless confirm a plan under § 1129(b).

- Section 1129(a)(8) has been met as to Classes 1 and 2. These Classes are unimpaired and, thus, are conclusively presumed to have accepted the Plan under § 1126(f) of the Bankruptcy Code.

- Section 1129(a)(8) has been met as to impaired Classes 3 and 4 inasmuch as these impaired Classes have voted to accept the Plan.

- Section 1129(a)(8) presumptively cannot be met as to Class 5 because the holders of Membership Interests in this Class will receive or retain no property under the

-10-

Plan and, therefore, are deemed to have rejected the Plan pursuant to § 1126(g) of the Bankruptcy Code. As set forth more fully below, however, the Plan may nonetheless be confirmed because the Trustee has met the requirements of § 1129(b) with respect to Class 5.

9. <u>Section 1129(a)(9)</u>: Section 1129(a)(9) of the Bankruptcy Code requires that persons holding allowed claims entitled to priority under 11 U.S.C. § 507(a) receive specified cash payments under the plan. Unless the holder of a particular claim agrees to a different treatment with respect to such claim, § 1129(a)(9) sets forth the treatment the plan must provide. The Plan comports with the applicable requirements of § 1129(a)(9).

(a) In satisfaction of the requirements of § 1129(a)(9)(A), and pursuant to Section 5.2 of the Plan, the Plan provides that all Allowed Administrative Expense Claims under 11 U.S.C. §§ 503(b) and 507(a)(2) will be paid in full in Cash on the later of: (i) the Effective Date, or (ii) within five (5) Business Days of the date such Administrative Expense Claim becomes an Allowed Administrative Expense Claim.

(b) In satisfaction of the requirements of § 1129(a)(9)(B), and pursuant to Section 4.2 of the Plan, the Plan provides that all Allowed Priority Unsecured Claims under § 507(a), if any, will be paid in full, which complies with the requirements of this subsection.

(c) The Plan satisfies the requirements of § 1129(a)(9)(C) with respect to the treatment of Priority Tax Claims under 11 U.S.C. § 507(a)(8). Pursuant to Section 5.3 of the Plan, each Holder of an Allowed Priority Tax Claim shall be paid either (i) upon such terms as may be agreed to between the Trustee and such holder of an Allowed Priority Tax Claim, (ii) in full in Cash on the later of the Effective Date or within five (5) Business Days of the date that such Allowed Priority Tax Claim becomes an Allowed Priority Tax Claim, or (iii)

in deferred Cash payments to be agreed upon by the Trustee and the holder of the Allowed Priority Tax Claim, not to exceed a period of five (5) years after the Petition Date.

10. <u>11 U.S.C. § 1129(a)(10)</u>:  Section 1129(a)(10) of the Bankruptcy Code requires the affirmative acceptance of the Plan by at least one Class of impaired Claims, "determined without including any acceptance of the plan by any insider."  This element has been met in this case inasmuch as Classes 3 and 4 have accepted the Plan.

11. <u>11 U.S.C. § 1129(a)(11)</u>:  Section 1129(a)(11) of the Bankruptcy Code requires that the Court determine that the Plan is feasible as a condition precedent to confirmation.  Under the Plan, the net proceeds of liquidated assets of the Consolidated Estate will be distributed to the holders of Allowed Unclassified Claims and holders of Allowed Claims in Classes 1, 2, 3, and 4.  Based on the evidence, the Trustee will have sufficient Cash to make an Interim Distribution to holders of Victim Claims by no later than June 15, 2012.  Accordingly, the Plan is feasible and § 1129(a)(11) has been met.

12. <u>11 U.S.C. § 1129(a)(12)</u>:  Section 1129(a)(12) of the Bankruptcy Code requires the payment of "[a]ll fees payable under section 1930 [title 28, the United States Code], as determined by the court at the hearing on confirmation of the plan."  Section 507(a)(1) of the Bankruptcy Code provides that "any fees and charges assessed against the estate under [section 1930,] chapter 123 of title 28" are afforded priority as administrative expenses.  In accordance with §§ 507 and 1129(a)(12), Section 5.2(b) of the Plan provides that all fees due and payable to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid in full.

13. <u>11 U.S.C. § 1129(a)(13)</u>:  Section 1129(a)(13)of the Bankruptcy Code, requiring compliance with 11 U.S.C. § 1114, is not applicable in this case.

14. <u>11 U.S.C. § 1129(a)(14):</u> Section 1129(a)(14) of the Bankruptcy Code requires that domestic support obligations be paid. This provision is not applicable in this case.

15. <u>11 U.S.C. § 1129(a)(15):</u> Section 1129(a)(15) of the Bankruptcy Code expressly states that it applies to "case[s] in which the debtor is an individual." Therefore, the provision does not apply to this case.

16. <u>11 U.S.C. § 1129(a)(16):</u> Section 1129(a)(16) of the Bankruptcy Code states that "[a]ll transfers of property of the plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust." This provision does not apply in this case because the Debtors are a moneyed business or commercial entity.

**F.** **<u>Satisfaction of Section 1129(b) of the Bankruptcy Code</u>**: The Plan satisfies § 1129(b) as follows:

1. All of the applicable requirements of 11 U.S.C. § 1129, other than subparagraph (8), are met with respect to the Plan.

2. As discussed above, impaired Classes 3 and 4 have voted to accept the Plan, but § 1129(a)(8) is not met as to impaired Class 5, which is deemed to reject the Plan.

3. Nevertheless, the Plan may be confirmed because it does not "discriminate unfairly" and is "fair and equitable" as to Class 5.

- A plan unfairly discriminates in violation of § 1129(b) only if similar claims are treated differently without a reasonable basis for the disparate treatment.[3] The Plan in this case does not "discriminate unfairly" with respect to Class 5 because there is no disparate treatment of similar Membership Interests. Class 5, which is

---

[3] *See, e.g.*, *Greate Bay Hotel & Casino, Inc.*, 251 B.R. 213, 228 (Bankr. D.N.J. 2000); *In re Crosscreak Apts., Ltd.*, 213 B.R. 521, 537 (Bankr. E.D. Tenn. 1997).

      treated in Section 4.5 of the Plan, is the only Class of Membership Interests. Inasmuch as Class 5 represents the only interests classified under the Plan, the Plan cannot be deemed to unfairly discriminate among any holders of such interests.

- Section 1129(b) sets forth the definition of the phrase "fair and equitable." In addition to the requirements enumerated in § 1129, courts have interpreted the "fair and equitable" standard to include the requirements that no class junior to the dissenting class can receive or retain any value under the Plan and no class senior to the dissenting class can receive more than full compensation for its allowed claims.[4] Here, the Plan is fair and equitable within the meaning of § 1129(b). No Classes junior to Class 5 exist or will receive or retain any value under the Plan. Further, no Classes senior to Class 5 will receive more than full compensation for their Claims.

      **G.**     **Satisfaction of Section 1125(e) of the Bankruptcy Code:** The Trustee and the Trustee's attorneys, agents and representatives, have acted in good faith with respect to the solicitation of votes on the Plan and are entitled to all the protections of 11 U.S.C. § 1125(e).

      **H.**     **Plan Modifications**: All modifications to the Plan filed or announced prior to the conclusion of the Confirmation Hearing constitute technical changes and/or changes that have either been consented to by affected constituents or which do not adversely affect or change the treatment of any other Claims or Membership Interests. Accordingly, pursuant to Bankruptcy Rule 3019, these modifications do not require (i) additional disclosure under 11 U.S.C. §§ 1125 or 1127(a), (ii) resolicitation of votes under 11 U.S.C. § 1126, or (iii) that holders of Claims or

---

[4] *See Unruh v. Rushville State Bank*, 987 F.2d 1506, 1508 (10th Cir. 1993).

Membership Interests be afforded an opportunity to change previously cast acceptances or rejections of the Plan. The Plan as so modified meets the requirements of 11 U.S.C. §§ 1122 and 1123. Such modifications shall be deemed accepted by each holder of a Claim or Membership Interest who has previously voted to accept the Plan.

**I.** **Approval of Unfiled Victim Claim Compromise**: Article IV, Section 6.5 of the Plan, as permitted under 11 U.S.C. § 1123(b)(3), incorporates and implements the terms of a proposed settlement related to Claims of holders of Unfiled Victim Claims against the Consolidated Estate called the "Unfiled Victim Claim Compromise." The Unfiled Victim Claim Compromise is fair, reasonable and in the best interests of Creditors and the Consolidated Estate. Therefore, the Unfiled Victim Claim Compromise is approved pursuant to Bankruptcy Rule 9019. Furthermore, the Court finds that the requirements set forth in *In re Kopexa Realty Venture Co.*[5] have been met in this case.

**J.** **Good Faith Agreements**: The agreements, transactions and transfers authorized by the Confirmation Order are fair, equitable and reasonable, are entered into in good faith, are in the best interests of the Consolidated Estate, and help provide adequate means for implementing the Plan.

**K.** **Preservation of Causes of Action and Defenses.** All rights, Claims, Causes of Action, defenses and counterclaims, without limitation, are preserved as set forth in the Plan.

**L.** **Continued Trustee Administration**: Administration of the Consolidated Estate by the Trustee as stated in the Plan is appropriate and consistent with the best interests of Creditors, the Consolidated Estate, and the interests of public policy, and the Trustee is authorized to take actions as set forth in the Plan and the Confirmation Order. After the

---

[5] 213 B.R. 1020, 1022 (B.A.P. 10th Cir. 1997).

Effective Date, the Trustee shall no longer be required to submit monthly operating reports with the United States Trustee, but he will submit Distribution Reports on a quarterly basis with the United States Trustee until the entry of a Final Decree.

**M.    Satisfaction of Conditions Precedent:**  All of the conditions precedent to confirmation of the Plan, if any, have been satisfied or waived.

**N.    No Improper Tax Purpose**:  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).

**O.    Injunction and Limitations of Liability**:  The injunction and limitations on liability contained in the Plan are fair and equitable, are given for valuable consideration, were properly noticed to holders of Claims and Membership Interests and other interested parties in accordance with the requirements of due process and the applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and are in the best interest of the Consolidated Estate.  Thus, the injunction and limitations on liability, including those in Article XI, Section 11.3 of the Plan, are effective and binding upon all applicable Persons to the fullest extent provided in the Plan and the Confirmation Order.

**P.    Effectuation Actions:**  The Trustee may execute such documents or take such other action as is necessary to effectuate the Plan, or to wind-down or dissolve any of the Debtors or any entities in the Waterford Enterprise.

**Q.    Retention of Jurisdiction**:  The Court's retention of jurisdiction as set forth in Article X of the Plan is appropriate and comports with the parameters contained in 28 U.S.C. § 157.  Accordingly, the Court retains jurisdiction as provided for in Article X of the Plan.

**R.** **Binding Effect**: The provisions of the Plan, these Findings and Conclusions, and the Confirmation Order shall bind the Trustee, the Debtors, the Consolidated Estate, and all holders of Claims against and Membership Interests in the Debtors, whether or not the Claims or Membership Interests of such entities are Allowed under the Plan or impaired under the Plan, whether or not such entities have voted to accept or reject the Plan, and whether or not such entities have filed or are deemed to have filed proofs of Claim or Interest in this case.

**S.** **Effect of Appeal**: Unless otherwise provided by law, the reversal or modification of the Conformation Order and these Findings and Conclusions on appeal shall not affect the validity of the Plan or any agreement or action authorized by the Confirmation Order or under the Plan with respect to any entity acting in good faith, whether or not that entity knows of the appeal, unless the Confirmation Order is stayed pending appeal.

**T.** **Construction and Enforceability:** Each term and provision of the Plan is hereby deemed to be valid and enforceable pursuant to its terms. If and to the extent that there is any direct conflict between the terms of the Plan, the Findings and Conclusions and the terms of the Confirmation Order, the Confirmation Order shall control. Any headings in these Findings and Conclusions or in the Confirmation Order are for convenience and reference only and serve no other purpose.

**U.** **Notices of Confirmation and Effective Date**. Pursuant to Bankruptcy Rule 3020(c)(2), the Trustee will serve notice of the entry of the Confirmation Order and these Findings and Conclusions to all known Creditors and parties in interest in this case within ten (10) days of the entry of the Confirmation Order and the Findings and Conclusions. In addition, the Trustee will give written notice of the occurrence of the Effective Date pursuant to Art. XI, Section 11.3 of the Plan.

## **CONCLUSION**

Based on the foregoing Findings and Conclusions, the Trustee is entitled to entry by this Court of the Confirmation Order.

_____End of Order_____

